**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br>    ) <br> Plaintiff, ) <br> v. ) <br>    ) <br> U.S. DEPARTMENT OF DEFENSE, ) <br> 1400 Defense Pentagon ) <br> Washington, DC 20301, ) <br>    ) <br> and ) <br>    ) <br> U.S. DEPARTMENT OF ) <br> HOMELAND SECURITY, ) <br> Office of the General Counsel ) <br> 245 Murray Lane SW ) <br> Mailstop 0485 ) <br> Washington, DC 20528, ) <br>    ) <br> Defendant. ) <br>                                                            ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Defense and U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Defense is an agency of the U.S. Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of Homeland Security is an agency of the U.S. Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6. The U.S. Air Force ("Air Force") is a component of Defendant U.S. Department of Defense.

7. The U.S. Secret Service ("Secret Service") is a component of Defendant U.S. Department of Homeland Security.

8. In April 2017, Plaintiff served multiple FOIA requests on the Air Force and the Secret Service, seeking access to records about VIP travel.

9. Plaintiff's FOIA requests to the Air Force sought any and all records concerning (i) mission taskings; (ii) transportation costs; and (iii) passenger manifests (DD-2131) for the following persons and trips:

    a. <u>President Donald Trump</u>
       (Palm Beach, Florida – April 6-9, 2017)

       FOIA Request Received:    04/10/17
       Determination Due:        05/08/17
       FOIA/File No.:            Unknown

    b. <u>Former President Barack Obama</u>
       (Chicago, IL – January 20, 2009 – January 20, 2017)

       FOIA Request Received:    04/14/17
       Determination Due:        05/12/17
       FOIA/File No.:            Unknown

    c. <u>President Donald Trump</u>
       (Palm Beach, Florida – April 14-16, 2017)

       FOIA Request Received:    04/24/17
       Determination Due:        05/22/17
       FOIA/File No.:            2017-02559-F

The requests were received by the Air Force, and the Air Force's determinations were due on the dates indicated. The Air Force has assigned the requests the FOIA/File numbers indicated.

10. Plaintiff's FOIA requests to the Secret Service sought all records concerning the use of U.S. Government funds to provide security and/or any other services to the following persons and any companions for the trips identified:

    a. <u>President Donald Trump and companions</u>
       (Palm Beach, Florida – April 6-9, 2017)

       FOIA Request Received:    05/11/17
       Determination Due:        06/09/17
       FOIA/File No.:            20171583

    b.    <u>Former President Barack Obama and companions</u>
(Chicago, Illinois – January 20, 2009 – January 20, 2017)

           FOIA Request Received:    05/11/17
           Determination Due:        06/09/17
           FOIA/File No.:             20171584

    c.    <u>Former President Barack Obama and companions</u>
(Chicago, Illinois – January 20, 2017 – April 12, 2017)

           FOIA Request Received:    05/11/17
           Determination Due:        06/09/17
           FOIA/File No.:             20171582

    d.    <u>President Donald Trump and companions</u>
(Palm Beach, Florida – April 14-16, 2017)

           FOIA Request Received:    05/15/17
           Determination Due:        06/13/17
           FOIA/File No.:             20170918

The requests were received by the Secret Service and the Secret Service's determinations were due on the dates indicated. The Secret Service has assigned the requests the FOIA/File numbers indicated.

    11.    As of the date of this Complaint, the Air Force and the Secret Service have failed to: (i) determine whether to comply with each request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

    12.    Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendants are violating FOIA by failing to search for and produce all records responsive to Plaintiff's requests or demonstrate that the requested records are lawfully exempt from production.

14. Plaintiff is being irreparably harmed by Defendants' violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with FOIA.

15. To trigger FOIA's administrative exhaustion requirement, Defendants were required to make determinations with respect to Plaintiff's requests within twenty (20) working days of receiving the request.  Accordingly, Defendants' determinations were due on or before the dates indicated in paragraphs 9 and 10.  At a minimum, Defendants were required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

16. Because Defendants failed to make determinations with respect to Plaintiff's requests within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a Vaughn index of any responsive records withheld

under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 7, 2017                                    Respectfully submitted,

*/s/ Lauren M. Burke*
Lauren M. Burke
D.C. Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172
lburke@judicialwatch.org

*Counsel for Plaintiff*